**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-30696**
Summary Calendar
_____

**In the Matter of ARK-LA CONCRETE COMPANY, INC.**
Debtor

**FARMERS BANK & TRUST OF MAGNOLIA, ARKANSAS,**
**Appellant-Defendant,**

**versus**

**JOHN CLIFTON CONINE,**
**Trustee for the Estate of Ark-La Concrete Company, Incorporated,**

**Appellee-Plaintiff.**

_____

**Appeal from the United States District Court**
**for the Western District of Louisiana**

**(CA-94-2320)**
_____
November 28, 1995

Before DAVIS, BARKSDALE, and, DeMOSS, Circuit Judges.

PER CURIUM:[*]

Farmers Bank and Trust Company of Magnolia, Arkansas, appeals the district court's decision affirming the bankruptcy court, which allowed the trustee to recover funds transferred by the debtor, Ark-La Concrete Company, to Farmers. We **AFFIRM.**

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

In December 1991, Dewey Williams deposited $57,859.83 into the bank account of Ark-La Concrete Company, Inc., consisting of a $34,626.73 check drawn on the account of Lamar Smith, made payable to "Dewey Williams, d/b/a Ark-La Concrete", and proceeds of $23,233.10 from a certificate of deposit owned by Williams. Williams then paid to Farmers the $57,859.83 against three personal loans for which Ark-La bore no liability.

Ark-La filed a petition under Chapter 11 of the Bankruptcy Code on April 15, 1992, and converted to a Chapter 7 on May 24, 1993. Upon the Chapter 7 conversion, the bankruptcy court appointed John Clifton Conine to serve as trustee. Conine filed an adversary proceeding pursuant to § 548 of the Code, seeking to recover the $57,859.83 from Farmers as a transfer for which the debtor's estate did not receive reasonably equivalent value.

A trial was held, at the conclusion of which, the bankruptcy judge ruled from the bench that the trustee was entitled to recover $34,626.73 (check payable to Williams d/b/a Ark-La), which the bankruptcy court found was an asset of the estate, but dismissed the claim for the remaining $23,233.10 (CD proceeds), which the court found was not.

Farmers appealed the ruling to the extent that the trustee was allowed to avoid the transfer, and the trustee cross appealed on the amount that the estate had not been allowed to recover. The district court affirmed the bankruptcy court. (The trustee does not appeal from the adverse ruling on its cross appeal.)

Before us are two questions: (1) whether the $34,626.73 was an asset of the debtor's estate; and (2) whether, even though the parties stipulated that Williams was the alter ego of Ark-La, no reasonably equivalent value could be said to have accrued to the estate as a result of paying Williams' personal loans.

A.

In support of its finding regarding the $34,626.72, the district court noted several factors relied upon by the bankruptcy court. These factors included Williams' classification of the funds as corporate monies for tax purposes, and the fact that Farmers retained no control over the funds after Williams deposited them in the debtor's account. We review mixed questions of law and fact in a bankruptcy appeal by subjecting the factual premises to the clearly erroneous standard and the legal conclusions to *de novo* review. *E.g., **Matter of Clark Pipe and Supply Co., Inc.***, 893 F.2d 693, 697 (5th Cir. 1990).

Applying these standards, we conclude that the support offered for the factual aspects of the court's decision establishes that they were not clearly erroneous, and that the legal conclusion that followed from that premise, that the funds constituted an asset of the debtor's estate, was not error. *See* 11 U.S.C. § 541(a) (establishing that estate comprised of all property in which debtor has interest on date of filing, by whomever held or wherever located); *see also* §§ 547 and 548 (affording trustee rights to

avoid certain transfers and defining funds so recovered as part of debtor's estate).

### B.

Farmers asserts that reasonably equivalent value should be deemed to have accrued to the debtor's estate due to the alter ego status of Williams and Ark-La. While Farmers concedes that, generally, transfers made solely to benefit a third party do not result in the debtor's estate realizing reasonably equivalent value, Farmers asserts also that, in this case, such value should be deemed received because Williams and Ark-La "are so related or situated that they share an `identity of interests,' because what benefits one will, in such case, benefit the other to some degree". *In re Royal Crown Bottlers of North Alabama, Inc.*, 23 B.R. 28, 30 (Bkrtcy.N.D.Ala. 1982). In support of its position, the bank notes that the parties stipulated that Williams was the alter ego of the debtor.

The alter ego doctrine has been recognized under the Bankruptcy Code. *See, e.g.* *In re Royal Crown*, 23 B.R. at 30. It provides courts with discretion to substitute the benefit to the alter ego for the reasonable value to the debtor that is required to shelter a transfer from a trustee seeking to recover it under § 548. *Mayo v. Pioneer Bank & Trust Company*, 270 F.2d 823, 829-30 (5th Cir. 1959), *cert. denied*, 362 U.S. 962 (1960). While we note that the trustee stipulated the alter ego status of Williams, the applicability of the doctrine does not automatically thwart the trustee's effort to avoid a transfer. Rather, as *Mayo* articulates

- 4 -

clearly, the doctrine merely affords the court *discretion* to utilize the exception to shelter the transfer.

The district court noted that the bank had failed in the bankruptcy court to prove any benefit which accrued to the debtor, and, instead, relied solely on the alter ego doctrine. Moreover, the court found that application of the doctrine would prejudice innocent third parties. We cannot say that the court, having stated a reasonable basis for declining to protect the bank by applying the alter ego doctrine, abused its discretion.

### III.

For the foregoing reasons, the challenged portion of the judgment is

**AFFIRMED.**